ELLIS FOX AND ERNEST FOX v. CAMP YONAHLOSSEE, INC.

No. 7428DC1061

(Filed 5 March 1975)

**Trial § 52— sufficiency of evidence to support verdict**
　　　In an action for breach of a contract for plaintiffs to serve as caretakers of defendant's campgrounds, a jury verdict awarding plaintiffs $2500 was supported by evidence that plaintiffs were entitled to unpaid salary of $2800 so that it is unnecessary for the appellate court to determine if there was sufficient evidence to support other items of damage claimed by plaintiffs. ·

APPEAL by defendant from *Styles, Judge*. Judgment entered 25 September 1974 in District Court, BUNCOMBE County. Heard in the Court of Appeals 21 February 1975.

This is an action for breach of contract. In their complaint, plaintiffs allege in pertinent part: In August of 1970 the parties entered into a contract whereby plaintiffs agreed to become caretakers of defendant's campgrounds on 1 January 1971 and to render specified services with respect to the grounds. Defendant agreed to pay plaintiffs $4200 per year and provide them with a furnished house, a garden plot, and three meals a day in the camp kitchen during camp season. Plaintiffs assumed their duties on 1 January 1971, and performed their duties until April of 1971, when defendant terminated their employment in violation of the contract. Plaintiff prayed for judgment in the sum of $4480, consisting primarily of unpaid salary from 1 May 1971 through 31 December 1971, loss of benefit of garden plot, loss of benefit of caretaker's home, and loss of meals during the camp season.

In its answer, defendant admitted the contract but alleged that plaintiffs breached it in that they failed to perform their duties in a proper manner.

For their verdict the jury found (1) that the parties entered into the contract alleged, (2) that defendant terminated the contract without justification, and (3) that plaintiffs should recover $2500. From judgment predicated on the verdict, defendant appealed.

*Herbert L. Hyde for plaintiff appellee.*

*George W. Moore for defendant appellant.*

BRITT, Judge.

Defendant's sole contention is that plaintiffs' evidence was not sufficient to support the verdict of $2500, arguing that plaintiffs failed to present any evidence with respect to the monetary rental value of the caretaker home, the monetary loss allegedly sustained on account of the garden plot, or the value of the meals they did not receive from the camp kitchen.

We find no merit in the contention. The principal item for which plaintiffs sought recovery was the remainder of their $4200 salary for 1971. The evidence showed that they were

paid for the months of January through April or one-third of the $4200, leaving a balance of $2800. Since the amount of the verdict was considerably less than the amount of salary claimed, we find it unnecessary to determine if sufficient evidence was presented to support the other items of damage claimed by plaintiffs.

No error.

Judges MORRIS and ARNOLD concur.